IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT O. PENIGAR, <br><br> Plaintiff, <br><br> vs. <br><br> NORFOLK REGIONAL CENTER, <br><br> Defendant. | 8:24CV220 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Brent O. Penigar filed his Complaint on June 14, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Norfolk Regional Center ("NRC"). Plaintiff's entire "Statement of Claim" consists of the following:

> [Plaintiff] had been on Seroquel for years for sleep problems. The doctor at the regional center wanted him to try a new medicine for insomnia. [Plaintiff] said no, because Seroquel was working fine. The doctor told [Plaintiff] he had to try the new medicine or [Plaintiff] would not be released for a long time, so [Plaintiff] took the medicine and the next day, [Plaintiff] was totally blind. His eyesight in both eyes was gone. Two days after he took the new medicine they took [Plaintiff] to the eye doctor. When [Plaintiff] returned to the Regional Center from the eye doctor, the doctor's nurse told him the doctor was sorry for prescribing that pill that made him blind and diabetic.

Filing No. 1 at 5.

Plaintiff refers to medical records attached to the Complaint to establish the date of the events giving rise to his claims. Filing No. 1 at 4. The attached medical records indicate Plaintiff was admitted to NRC on May 10, 2000, and was discharged on August 19, 2002. Filing No. 1 at 7. Nowhere in the medical records is there any documentation of the injuries Plaintiff describes. *See* Filing No. 1 at 7–29.

Plaintiff claims that, while his eyesight has returned, he is now diabetic and has neuropathy in his feet. Plaintiff seeks three million dollars in damages "for the abuse suffered." Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation

involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a claim for relief against the NRC, is barred by the statute of limitations, and should be dismissed.

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek

3

equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from the NRC. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities. The NRC is a state instrumentality. *See Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008). As there is no indication that Nebraska waived or Congress overrode immunity here, Plaintiff's claims against the NRC are barred by sovereign immunity. Moreover, a suit may be brought under section 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in section 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, section 1983 does not create a cause of action against the NRC, and any claims against the NRC must be dismissed.

**B. Statute of Limitations**

Even if Plaintiff had named an appropriate state actor defendant in his or her individual capacity, Plaintiff's allegations establish that his claims arise from conduct that occurred in or prior to 2002, and are, thus, barred by the statute of limitations. *See* Filing No. 1 at 4, 7–29. The length of the statute of limitations for a section 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, section 1983 actions are subject to a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff,

4

not arising on contract, and not hereinafter enumerated . . . ."). Because Plaintiff's purported civil rights claims against the defendants accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations[1] and must be dismissed.[2] *See, e.g.*, Johnson v. Mott, 376 F. App'x 641 (8th Cir. 2010) (unpublished) (§ 1983 claim that was barred by the applicable statute of limitations was properly dismissed with prejudice under Fed. R. Civ. P. 12(b)(6)); Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

## IV. CONCLUSION

Plaintiff's Complaint fails to allege a claim upon which relief can be granted against the named defendant, the NRC, and the Complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court concludes leave to amend would be futile because, even if Plaintiff had named a proper defendant, his claims are clearly barred by the statute of limitations. Accordingly, the Court will dismiss this matter with prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.
2. A separate judgment will be entered.

---

[1] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Haltom v. Parks, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

[2] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

5

Dated this 22nd day of September, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge